IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMBER BRADSHAW                                                                    PLAINTIFF

    v.                                           CIVIL NO. 11-5196

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION

    Plaintiff, Amber R. Bradshaw, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.**    **Procedural Background**:

    Plaintiff protectively filed her current applications for DIB and SSI on June 24, 2008, alleging an inability to work since January 31, 2007, due to back and hip problems. (Tr. 115, 137). An administrative hearing was held on September 16, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 20-58).

    By written decision dated April 15, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 10). Specifically, the ALJ found Plaintiff had the following severe impairments: a disorder of the

back, obesity, left hip pain, and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 10).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she cannot do sustained driving.  She cannot climb scaffolds, ladders, or ropes.  She must avoid unprotected heights and dangerous equipment.  She can occasionally climb ramps and stairs and stoop, bend, crouch, crawl, kneel, and balance. Secondary to fatigue, lack of restorative sleep, depression, and side effects to medications, she can perform routine, repetitive work in which superficial contact is incidental to work with the public and co-workers.  Such work has non-complex, simple instructions and is learned and performed by rote, with few variables and little judgment required. Supervision required is concrete, direct, and specific.

(Tr. 12).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as an assembly production worker.

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 22, 2011.  (Tr. 1-3).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 8,9).

**II.      Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

AO72A
(Rev. 8/82)

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

A review of the medical evidence in this case revealed that Plaintiff underwent a general physical examination in August of 2008, wherein, Dr. Rayetta Eaton diagnosed Plaintiff with musculoskeletal pain, and opined that Plaintiff did not have any limitations. (Tr. 177). On

August 22, 2008, Dr. Jim Takach, a non-examining medical consultant, opined that Plaintiff did not have a severe impairment. (Tr. 185). The record revealed that in 2009, Plaintiff started seeking treatment at the Good Samaritan Clinic, and was diagnosed with chronic back pain with radiculopathy, pelvic pain, and depression. (Tr. 189, 190-194, 197-204, 219-222). On September 23, 2009, the examiner from the Good Samaritan Clinic recommended that Plaintiff not lift over twenty pounds. (Tr. 219). On September 24, 2009, Plaintiff underwent a Functional Capacity Evaluation completed by Doin Dahlke, M.Ed., ATC/L, CFE. (Tr. 205-218). After conducting the evaluation, therapist Dahlke opined that Plaintiff would be able to perform sedentary work.

In determining Plaintiff could perform light work with limitations, the ALJ stated that he relied upon the RFC assessment completed by Dr. Takach, as well as the twenty pound weight limitation placed on Plaintiff on September 23, 2009. In finding that Plaintiff could perform light work, the ALJ stated that he gave little weight to therapist Dahlke's opinion, as the ALJ found the opinion to be inconsistent with the evidence of record, and because the evaluation was not completed by a treating source. While the ALJ is correct to point out that therapist Dahlke was not a treating source, the only RFC of record was completed in 2008, and that physician did not have before him the medical evidence for the entire year of 2009, which revealed that Plaintiff continued to complain of pain in her hips and back. It appears in this instance that the ALJ looked at the medical records and determined, without the benefit of a medical professional's opinion, the extent of Plaintiff's functioning capabilities. See Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir.2000) (ALJ may not draw upon his own inferences from medical reports). After reviewing the entire evidence of record, the Court does not find substantial

AO72A
(Rev. 8/82)

evidence to support the ALJ's RFC determination, and believes remand is necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's functioning capabilities.

On remand, the ALJ is directed to address interrogatories to either an examining or non-examining physician, asking that physician to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. Groeper v. Sullivan, 932 F.2d 1234, 1239 (8th Cir. 1991).

**IV.  Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE