IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AMBER BRADSHAW                                                    PLAINTIFF

   v.                              CIVIL NO. 11-5196

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                    DEFENDANT

## <u>O R D E R</u>

   Plaintiff, Amber Bradshaw, appealed the Commissioner's denial of benefits to this Court.

On July 13, 2012, judgment was entered remanding Plaintiff's case to the Commissioner pursuant

to sentence four of 42 U.S.C. § 405(g).  (Doc. 11).  Plaintiff now moves for an award of

$3181.20 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act

(hereinafter "EAJA"), requesting compensation for 16.30 attorney hours of work before the

Court at an hourly rate of $174.00 for work performed 2011 and 2012, and 4.60 paralegal hours

of work before the Court at an hourly rate of $75.00.  (Docs. 12).  Defendant filed a response to

Plaintiff's application, objecting to certain hours claimed.  (Doc. 15).

   Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a

prevailing social security claimant unless the Commissioner's position in denying benefits was

substantially justified.  The burden is on the Commissioner to show substantial justification for

the government's denial of benefits.  <u>Jackson v. Bowen,</u> 807 F.2d 127, 128 (8th Cir. 1986).

Under <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993), a social security claimant who obtains a

sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

for further proceedings is a prevailing party.  After reviewing the file, the Court finds that

Plaintiff is a prevailing party in this matter.

In determining a reasonable attorney's fee, the Court will in each case consider the

following factors: time and labor required; the novelty and difficulty of questions involved; the

skill required to handle the problems presented; the preclusion of employment by the attorney

due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time

limitations imposed by the client or the circumstances; the amount involved and the results

obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the

nature and length of the professional relationship with the client; and awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit.  Pierce v. Underwood,

487 U.S. 552, 573 (1988).  The Court can determine the reasonableness and accuracy of a fee

request, even in the absence of an objection by the Commissioner.  Clements v. Astrue, 2009 WL

4508480 (W.D. Ark. Dec. 1, 2009);  see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.

1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately

calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized

statement...stating the actual time expended and the rate at which fees and other expenses were

computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting

statutes such as the EAJA are required to present fee applications with "contemporaneous time

records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." Id.  Where documentation is inadequate, the Court may reduce the award accordingly. Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $174.00 for 16.30 hours of work performed in 2011 and 2012, which he asserts was devoted to the representation of Plaintiff in this Court. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. Id., 461 U.S. at 437.  Attorney's fees may not be awarded in excess of $125.00 per hour-the maximum statutory rate under § 2412(d)(2)(A) - unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI). Plaintiff's counsel submitted a CPI in support of his requested hourly rate.  The Court will therefore award Plaintiff's counsel an hourly rate of $174.00.

Plaintiff's counsel has also requested 4.60 paralegal hours of work at the rate of $75.00 per hour. The Court finds $75.00 per hour for paralegal work to be reasonable.

We next address the number of hours Plaintiff's counsel claims he spent working on this case.  Defendant argues that some of the paralegal time submitted should be deducted because it is clerical in nature.  Defendant objects to the following submissions which total 2.50 paralegal hours:

-3-

8/17/11 Paralegal prepared and filed Petition for Judicial Review of Administrative Law Judge decision, Affidavit of Financial Status, Plaintiff's Motion to Proceed In Forma Pauperis, summons, and cover sheet, 1.00 hour,

8/22/11 Paralegal verified that valid service of summons had been Made upon Defendant, then executed and filed Return of Service, 0.50 hour,

9/9/11 Paralegal prepared and scanned Affidavit of Service to Clerk, Office of General Counsel, Attorney General of U.S., U.S. Attorney, 0.40 hour,

11/22/11 Paralegal submitted brief by CM/ECF, 0.20 hour,

11/22/11 Paralegal mailed copy of brief to Plaintiff, 0.10 hour,

04/03/2012 Paralegal received call from Plaintiff re: status of case, 0.20 hour, and

7/13/12 Paralegal mailed copy of Memorandum Opinion and Judgment to Plaintiff, 0.10 hour.

The Court finds that filing of the Complaint and preparation of the summons and cover sheet on August 17, 2011, are clerical in nature, therefore the Court will deduct 0.25 paralegal hour from this submission. With regard to the remaining time submissions listed above, the Court finds this work is clerical in nature and will therefore be deducted. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); Miller v. Alamo, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). The Court further finds that the 0.10 paralegal hour submitted on August 18,

2011, to mail a letter to Plaintiff is also clerical in nature. Accordingly, the Court deducts 1.85 paralegal hours from the total number of compensable hours sought.

Plaintiff's counsel seeks a total of 13.20 hours for reviewing the 225 page transcript, and preparing the brief. There were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security Plaintiff's before this Court and should be well versed in social security law and the Court finds the time submitted for preparing this brief to be excessive. Therefore, the Court is reducing the number of hours submitted for the preparation of Plaintiff's brief to 12.00 hours.

In her response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 15.10 (16.30-1.20) attorney hours at a rate of $174.00 per hour for work performed in 2011 and 2012, and 2.75 (4.60-1.85) paralegal hours at a rate of $75.00 per hour, for a total attorney's fee award of $2,833.65. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 14th day of March, 2013.

/s/ Erin L. Setser
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)